## BRIGHT v. DAYTON.
### No. 9063.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1939.

S. B. Lippitt, of Albany, Ga., for appellant.

Sam S. Bennet and Walter H. Burt, both of Albany, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining appellee's motion to dismiss a petition by appellant to recover damages for breach of a contract to enter into a partnership upon the happening of certain contingencies.

In April, 1933, appellant, in his own name and with his own funds, leased the Hotel Gordon, located in Albany, Georgia, for the period from July 1, 1933, to July 1, 1938. In May, 1933, appellant agreed to give appellee and one Munns each a fifteen per cent interest in the business of operating the Hotel Gordon, in consideration of their engaging therein, Munns to be room clerk, appellee to be steward. The appellant was to be manager and was to participate in the profits to the extent of seventy per cent.

Thereafter, appellant leased the Hotel New Albany, in the same city, paying for the lease with his own funds and assuming responsibility for the payment of rentals,

appellee and Munns having neither funds nor credit. The partnership as to the Hotel Gordon was extended to include the operation of the Hotel New Albany, appellant becoming manager of the Hotel New Albany, Munns manager of the Hotel Gordon, and appellee bookkeeper for both hotels.

After the partnership had added the Hotel New Albany to its operations, it was agreed that two corporations should be formed, one to take over the lease and operations of the Hotel Gordon, the other to take over the lease and operations of the Hotel New Albany; appellant to own seventy per cent of the stock in each corporation, and appellee and Munns to own fifteen per cent each. The corporations were formed and the stock issued, but, before the transfers could be made, Munns decided to withdraw and sold his interest in the Hotel Gordon to appellee and his interest in the Hotel New Albany to appellant. Thereupon, appellant and appellee entered into a dissolution agreement, dated December 3, 1934, whereby appellant acquired complete control of the Hotel New Albany, appellee releasing all his interest therein and transferring his stock in the Hotel New Albany corporation to appellant; and appellee acquired complete control of the Hotel Gordon, appellant transferring his interest therein, including the stock in the Hotel Gordon Company, to appellee.

The dissolution agreement made detailed provisions for the division of the interests of the various parties and the consummation of the dissolution. The written agreement effectively dissolved the previously existing partnership, but contained the following, upon the interpretation of which the determination of this matter depends: "It is further agreed between the parties hereto that in the event that one of the leases on said hotel properties cannot be renewed, but one can be renewed, said renewal shall be on the basis of 30% to H. L. Dayton [appellee] as to the Hotel Gordon property and 70% to T. M. Bright [appellant]; and as to the New Albany Hotel property—if that is the only hotel that can be leased—15% to H. L. Dayton and 85% to T. M. Bright."

The foregoing facts are not controverted. In addition to these facts, the petition alleged oral agreements between the parties as to division of responsibility and methods of operations in the event of the renewal of either of the leases without the renewal of the other, so as to show a complete arrangement in anticipation of that contingency. It further alleged that appellant did not renew the lease on the Hotel New Albany, and that appellee did not renew the lease on the Hotel Gordon; but that appellee, notwithstanding the dissolution agreement, had procured a lease to himself of the Hotel New Albany, with a provision therein that if any person, firm, or corporation should claim and establish any interest therein, other than the lessee, then the lease would terminate, provided the lessor did not consent in writing. The complaint prays damages for breach by appellee of the provision of the dissolution agreement quoted above. On motion to dismiss, the district court held the pertinent provision of the dissolution agreement to be operative only in the event appellant renewed his lease on the New Albany Hotel and appellee failed to renew his lease on the Hotel Gordon, or in the event appellee renewed his lease on the Hotel Gordon and appellant failed to renew his lease on the New Albany Hotel. Since neither of these contingencies occurred, the motion to dismiss was sustained.

We do not think that any extended discussion is necessary to sustain the action of the district court. "Renew" as defined in 7 Words and Phrases First Series, page 6084, means to refresh, revive, or rehabilitate an expiring or declining subject, but is said not to be appropriate to describe the making of a new contract or the creation of a new existence. Considered against the background of their prior dealings, the contract means that if appellant is unable to renew his lease on the Hotel New Albany, his prior arrangement with appellee as to the Hotel Gordon will be available to him if appellee has been successful in the continuation of his leasehold interest in that hotel; and that, if appellee has been unsuccessful in his operation and continuation of the lease of the Hotel Gordon, while appellant is able to continue with the Hotel New Albany, the partnership will be revived as to the latter hotel. It could not be contended that the agreement could be extended to cover any other and different hotel which might have come under the operation and control of either of the parties. Neither was bound to continue in the operation and control of the hotels

named. The contingency upon which appellant would have been able to assert a partnership with appellee was that appellant not be able to renew the lease as to the Hotel New Albany and that appellee be able to renew his lease upon the Hotel Gordon. This contingency is not alleged to have occurred. Appellant does not seek an interest in the Hotel Gordon, which is the only interest he could assert on the contingency of his failing to procure a renewal of his lease.

This view of the contract renders it unnecessary to consider the question of the statute of frauds as applied to the parole provisions of the alleged contract. The petition does not allege facts to support appellant's claim for damages for breach of a contract to enter into a partnership. The action of the district court in dismissing the petition was correct, and its judgment is

Affirmed.